Jones, J.
As to three of the disputed ballots there seems to be a unanimity of judgment in the lower courts that each of them was invalid and should not be counted. This is manifestly true of exhibit “I,” where it was impossible to determine the intention of the voter upon the propositions involved, for the reason that he had made two cross-marks, one of which was above the affirmative proposition submitted and the other below the negative proposition, neither of them being included within anjr of the blank spaces on the ballot. Exhibit “9” was also properly excluded. The placing by the voter of the word “No” in the blank space to the left of the negative proposition was a double negative, and it is not clear whether the voter intended to emphasize his dissent from the * affirmative proposition submitted, or to emphasize his dissent from the negative proposition, to the left of which he had undertaken to write that word. Likewise the ballot described as exhibit “L” is properly excluded from the count for the reason that it contained a distinguishing characteristic identifying the voter who had cast that ballot. The purpose of the Ohio Australian ballot law is primarily to safeguard the secrecy of the ballot. Where this system of balloting has been adopted in the several states it has been held, irrespective of the fact whether the state law condemns these specific violations of the secrecy of the ballot, that a mark of this character placed upon the ballot in such form as to identify the voter thereof is against the policy of the law and invalidates the ballot. Were it otherwise, the purpose of the law would be de *272 feated and there might result a wide field for bribery and corruption. Section 13271, General Code, emphasizes this policy by penalizing an elector who purposely marks his ballot so that it may be identified.
In the lower courts, however, the main question turned upon the issue whether the five ballots, viz., exhibits “6,” “7,” “10,” “11” and “J” should be excluded from the count or whether they should be counted in favor of the wet or negative proposition; and the solution of this question determines the judgment in this case. These ballots were, each of them, substantially as follower

It will be noted that these ballots contain a horizontal line directly under the negative proposition, enclosing it within a space of its own. They also *273 contain a vertical line separating the propositions submitted from two enclosed blank spaces on the left, and the cross-mark was made immediately below and entirely without the blank space where the law provides it should be.
The Ohio ballot law relating to this subject is as follows:
Section 5070, General Code, provides:
“8. If a question is submitted, the elector shall make a cross-mark in the blank space at the left of and before the answer which he desires to give.
“9. No ballots shall be rejected for any technical error which does not make it impossible to determine the voter’s choice.”
Section 6130, General Code, provides:
“The ballots at the election, held under the provisions of the next three preceding sections, shall be printed with an affirmative and a negative statement, to-wit: ‘the sale of intoxicating liquors as a beverage shall be prohibited,’ ‘the sale of intoxicating liquors as a beverage shall not be prohibited,’ with a blank space on the left side of each statement in which to give each elector an opportunity to clearly designate his choice by a cross mark as follows :
The sale of intoxicating liquors as a beverage shall be prohibited.
“(........) The sale of intoxicating liquors as a beverage shall not be prohibited.”
For the reason that the election laws of the various states vary as to the efficacy of ballots marked without the space specifically provided by their elec *274 tion laws, it is obviously difficult to obtain a rule of uniformity from the authorities cited. Suffice it to say that with a view to preserving the right of elective franchise to the citizen elector, in the absence of statutory provisions invalidating the ballot, the courts of this country have generally adopted a rule of liberality for the purpose of ascertaining and safeguarding the intention of the voter in the exercise of his constitutional privilege, and the Ohio statute above quoted emphasizes that feature when it provides that no ballot shall be rejected for technicalities which do not make it impossible to determine the voter’s choice. If the courts of other states have held that certain requirements for marking ballots are mandatory, it is because the specific, laws of such states relating thereto make ballots marked in noncompliance therewith invalid, or direct that they shall not be counted. And it is because of these distinctive features in the several jurisdictions that the courts generally have differed in their holdings as to whether the requirements are mandatory or directory.
The provisions of our law, requiring the cross-mark to be placed in the block directly opposite to the name voted for or proposition submitted, are directory. The Ohio law stipulates that no ballot shall be rejected if it is possible to determine the voter’s choice, but the converse of the statement follows, that if it is possible to determine the voter’s choice the ballot should not be rejected.
Applying a liberal rule to the ballots in dispute this court is unable to determine the voter’s choice *275 between the two propositions submitted to him. There should be some effort at least of compliance with the requirements of the law. So far as these ballots are concerned they may have been voted by illiterates unable to distinguish the propositions submitted. Such evidently was the character of the elector who voted exhibit “1.” Or they may have been marked by electors who did not desire to commit themselves on the issue submitted. If the cross-mark had impinged on the horizontal line below the negative proposition, there would have been reason. to hold the ballot valid, in as much as the voter had thus identified and associated his cross-mark with the proposition submitted; likewise, had there been no horizontal line printed on the ballot below the negative proposition, the cross-mark might then also have been so associated with the full space so provided as to exhibit an intention to vote for the proposition embodied therein. These ballots are plainly distinguished from those reported in the case of State, ex rel. Bambach, v. Markley, 9 C. C, N. S., 561, affirmed by this court without opinion in 76 Ohio St., 636. In that case the cross-mark was made at various places within the column occupied by the name of Bambach alone, and it was there held that it was the evident intention of the voters to vote for the person occupying that column, but had there been another name in the independent column occupied by Mr. Bambach it is obvious that all the ballots thus marked would not have been credited to Mr. Bambach.
For the reasons stated the judgment of the court *276 of appeals is reversed and the judgments of the probate and common pleas courts affirmed.

Judgment reversed.

Nichols, C. J., Wanamaker, Matthias, Johnson and Donahue, JJ., concur.
Newman, J., dissents from the third proposition of the syllabus and from the judgment.